JONES, Judge,
respectfully dissenting.
I disagree with the majority’s opinion. The trial court erred in denying defendant’s motion to suppress evidence and confession, as the officers lacked probable cause to arrest the defendant. Under the facts of this case, when the officers looked into defendant’s apartment and saw him with a gun in his hand, it was not immediately apparent that the defendant had committed or was committing a crime. The weapon was not concealed, it was in the defendant’s open hand. Additionally the officers had not run a computer check and, therefore, had not verified that the defendant was a convicted felon. Furthermore, the lack of probable cause is magnified in light of the fact that the call placing the officers at the defendant’s home was that of an anonymous telephone caller. Surely this information cannot be said to be information of a confidential informant who has provided reliable information in the past.
Furthermore, the Supreme Court’s recent ruling in State v. Hearold, 603 So.2d 731 (La.1992), supports defendant’s arguments that he was prejudiced by testimony regarding the substance of the informant’s tip. In Hearold, supra, the Supreme Court cited George W. Pugh, Louisiana Evidence Law (1974), when addressing whether it was proper for an officer to testify before a jury as to what an informant said in his tip to police officers:
The fact that an officer acted on information obtained from an informant may be relevant to explain his conduct, but may not be used as a passkey to bring before *905 the jury the substance of the out-of-court information that would otherwise be barred by the hearsay rule.
In this case, the following colloquy occurred during the testimony of Police Officer Wallace:
BY THE WITNESS
Okay. I was dispatched to investigate a Signal (107). The dispatcher also informed me that a subject was a known wanted subject. She informed me that the subject was a black male, blue cap, black shirt—
After objections by the defendant, the prosecutor was allowed to continue with his questioning of Officer Wallace.
BY MR. KEE
Q. Okay. Officer, I’m going to ask you to start again and explain to the Jury how it was you came to arrest the defendant.
A. Okay. I was dispatched to 3423 Hol-lygrove, Apt. F. During dispatch, the dispatcher informed me that the subject was a black male, blue cap, black shirt, black pants, in possession of a blue steel handgun.
It was rank hearsay to place before the jury information given to the dispatcher by the unknown informant which was then conveyed to the police officer by the dispatcher. This testimony, that defendant was “a known wanted subject”, “in possession of a blue steel handgun”, was highly inflammatory and exhibits the precise conduct proscribed by Hearold, supra. Additionally, the hearsay was as to elements of the crime that defendant was charged with. Such errors by the trial court entitled defendant to a new trial. Therefore, for the reasons herein assigned, I would reverse the conviction and order a new trial.